IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN COE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:19-cv-02373-JTF-tmp |
| | ) |
| RHODES COLLEGE, | ) |
| | ) |
|        Defendant. | ) |

**PROPOSED SCHEDULING ORDER**

Pursuant to Local Rule 16.2, the parties met on June 17, 2019 and conferred in compliance with Federal Rule of Civil Procedure 26(f) and agreed upon the matters set forth herein. Present were Bryce Ashby, counsel for Plaintiff, and Dan Cohen and James Haltom, counsel for Defendant. The following dates were agreed upon as the final deadlines for:

**CONSENT TO TRIAL BEFORE THE MAGISTRATE JUDGE:** The parties do not consent to trial before the Magistrate Judge.

**EXPEDITED DISCOVERY.** The matter relates, in part, to *DOE v. Rhodes*, 2:19-cv-02336-JTF-tmp (the "Doe Case"), which has an Evidentiary Hearing set for 7/10/2019 at 10:30 AM in Courtroom 3 related to plaintiff's request for an injunction (the "Evidentiary Hearing"). In the interest of judicial efficiency, the parties believe a consolidated injunction hearing for this case and the Doe Case would likely be appropriate. In connection with the potential consolidated hearing, the parties have agreed to conduct expedited discovery for the purposes of the Evidentiary Hearing, consisting of the exchange of specifically identified documents and agreed upon depositions.

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: The parties shall exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) on or before June 28, 2019, subject to a duly entered Protective Order and the notice and objection requirements under Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. 1232g (b)(2)(B); 34 C.F.R. § 99.31.

**MOTIONS TO JOIN PARTIES**: The parties shall file any motions to join parties on or before July 17, 2019.

**MOTIONS TO AMEND PLEADINGS**: The parties shall amend all pleadings on or before July 17, 2019.

**MOTIONS TO DISMISS**: August 19, 2019.

**COMPLETING ALL DISCOVERY**: The deadline to complete discovery is on or before December 16, 2019.

(a) **WRITTEN DISCOVERY**: The parties shall complete all written discovery and on or before October 30, 2019. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s).

(b) **DEPOSITIONS**: The parties shall depose all fact witnesses on or before December 16, 2019.

**EXPERT WITNESS DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(2)**:

(a) **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**: October 14, 2019.

(b) **DISCLOSURE OF DEFENDANT'S (OR OPPOSING PARTY) RULE 26(a)(2) EXPERT INFORMATION**: November 14, 2019.

(c) **EXPERT WITNESS DEPOSITIONS**: December 16, 2019.

**MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**: The parties shall file any motions to exclude experts on or before January 20, 2020.

**FILING DISPOSITIVE MOTIONS**: Dispositive motions shall be filed by no later than January 20, 2020. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Optional relies may be filed within 14 days after the filing of the response.

**MEDIATION:** The parties are ordered to engage in ADR on or before December 9, 2019. Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have reached the following agreements regarding e-discovery: ESI and other documents are to be produced in a searchable PDF format. A party may request particular ESI be produced in its native format.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules

prior to that date.

Motions to compel discovery are to be filed and served by the discovery deadline or within 30 days of the default or the service of the response, answer, or objection that is the subject of the motion, if the default or the service of the response, answer, or objection occurs within 30 days of the discovery deadline, unless the time for filing of such motion is extended for good cause shown, or the objection to the default, response, answer, or objection is waived.

This case is set for a jury trial. The pretrial order deadline, pretrial conference date, and trial date will be set by separate Order. The parties anticipate the trial will last approximately 3 days.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.

IT IS SO ORDERED.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.,
UNITED STATES DISTRICT JUDGE